## 12341

### UNITED TIMBER CORPORATION v. MULLINS LUMBER CO.

#### (141 S. E., 15)

1. REFERENCE—WHERE MASTER FOUND WITHOUT EXCPTION THAT TIMBER ON DEFENDANT'S TRACTS SHOULD BE SET OFF AGAINST SWAMP TIMBER ON PLAINTIFF'S TRACT, COURT ERRED IN CHARGING DEFENDANT WITH ALL TIMBER ON SUCH TRACT.—Where master's findings, in action for conversion of timber and breach of contract to exchange timber rights, that defendant was chargeable with swamp timber on certain tract owned by plaintiff, but that latter was chargeable with timber on defendant's tracts, as to·which ·time limits for cutting had expired, and that such charges should be set off against each other, though latter greatly exceeded former, were not excepted to, Circuit Judge erred in charging defendant with full quantity of timber on swamp tract or in not allowing defendant credit for timber on expired tracts.

2. LOGS AND LOGGING—REFUSAL TO ACCEPT TIMBER DEED BECAUSE ONLY SEVEN YEARS REMAINDED FOR CUTTING HELD UNJUSTIFIED.—Where plaintiff, in action for conversion of timber and breach of contract to exchange timber rights was fully informed of time limits for cutting timber on defendant's tracts at time of initial negotiations, and waited five and one-half years without cutting timber, his refusal to accept deed of timber on certain tract on ground that only seven years remained was unjustifiable, and defendant was entitled to credit for such timber.

3. APPEAL AND ERROR—DECREE CONFIRMING OR OVERRULING MASTER'S FACT CONCLUSIONS IN LAW CASE IS AS BINDING ON SUPREME COURT AS JURY VERDICT.—Circuit Judge's decree, confirming or overruling master's conclusions of fact in law case referred to him, is as binding on Supreme Court as the verdict of a jury.

4. APPEAL AND ERROR—COURT'S CONCLUSIONS, IN OVERRULING MASTER'S REPORT STATING ACCOUNT BETWEEN PARTIES TO CONTRACT TO EXCHANGE TIMBER RIGHTS, HELD REVIEWABLE BY SUPREME COURT.— Circuit Judge's conclusions, in overruling master's report stating account in action for conversion of timber and breach of contract to exchange timber rights, *held* reviewable by Supreme Court, as conclusions of law from admitted or ascertained facts and based on complicated transactions extending over considerable period of time; case being practically an action for accounting within equitable cognizance of Court.

5. ESTOPPEL—PLAINTIFF, PLEADING TRADE OF TIMBER RIGHTS, HOLDING ONTO DECREE AGAINST DEFENDANT.AS TO CERTAIN TIMBER AND ACCEPTING TIMBER DEED AS PART PAYMENT, CANNOT URGE FAILURE TO

ESTABLISH ENFORCEABLE CONTRACT.—Plaintiff, pleading trade of timber rights in action for breach of contract, holding onto decree confirming master's finding that defendant was accountable for swamp timber on certain tract and accepting deeds to two tracts as part payment, cannot urge that evidence does not establish definite, enforceable contract because of long delay, for which plaintiff was as much to blame as defendant, in coming to settlement not consummated because of dissatisfaction created in plaintiff's mind by consumption of much of time limits for cutting.

6. CORPORATIONS—CORPORATION NOT CUTTING TIMBER FOR FIVE AND ONE-HALF YEARS HELD PRECLUDED FROM URGING AGENTS' LACK OF AUTHORITY TO CONTRACT FOR EXCHANGE OF TIMBER RIGHTS.—Corporation, whose managing agents had timber on tracts agreed to be exchanged estimated, included other tracts by later agreements, and unreasonably postponed time of settlement, and which constantly recognized existence of contract and demanded settlement, could not urge lack of authority in agents to make contract, after lapse of five and one-half years without cutting timber.

7. COSTS—DEFENDANT OBTAINING SUBSTANTIAL MODIFICATION OF DECREE BY ALLOWANCE OF SET-OFF HELD ENTITLED TO COSTS ON APPEAL.—Defendant, having obtained substantial modification of decree, charging it with full quantity of timber on tract which plaintiff agreed to exchange, by allowance of set-off for timber on defendant's tracts, as to which time had expired for cutting, was entitled to tax costs on appeal against plaintiff.

Before MANN, J., Marion, January, 1926. Modified and remanded with directions.

Action by the United Timber Corporation against the Mullins Lumber Company. Decree for plaintiff, and defendant appeals.

*Messrs. Lide & McCandlish,* for appellants, cite: *Mutuality is to be ascertained as of the time the agreement is made:* 25 R. C. L., 234. *"Agency":* 124 S. C., 346; 133 S. E., 834.

*Messrs. Sherwood & McMillan,* also for appellant, cite: *Agreement to exchange was completed:* 37 So., 590; L. R. A., 1917-D, 1082; 44 Mo., 25. *Agreement to exchange here distinguished from cases in which arbitration of differences is a part of the contract:* 75 S. E., 452. *Equity inquires what ought to be done:* Sec. 365, Pom. Eq. Jur.

*Mr. M. C. Woods,* for respondent, cites: *Action at law:* Sec. 533, Code. *Consent to order of reference by both parties to action waived trial by jury:* 58 S. C., 448. *Court has no power to review conclusions of fact of trial Judge in law case:* 50 S. C., 511; 23 S. C., 1; 135 S. C., 43; 139 S. C., 455; 115 S. C., 385.

December 23, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The complaint in paragraph 3, states a cause of action for $12,500 damages, by reason of the conversion of certain timber belonging to the plaintiff, by the defendant.

It alleges, in substance, that during the year 1914 the parties *entered into negotiations* for the exchange of timber upon various tracts of land covered by timber rights in the respective parties; that, *as a result of such negotiations,* it was agreed that 1,000 feet of *pine* timber should be adopted as the unit of exchange; 750 feet of *cypress* timber and 2,500 feet of *hardwood* timber, respectively, to be considered as the equivalent of 1,000 feet of *pine* timber; that *while such negotiations were pending,* on account of certain exigencies to which the defendant was subjected, the plaintiff consented that the defendant might cut the timber from two certain tracts which belonged to it, *"pending the final closing of the trade;"* that the defendant cut the timber from said two tracts, and also the timber from three other tracts, amounting in all, in terms of the unit of exchange (1,000 feet of pine timber, to 5,703,000 feet of timber).

In paragraphs 4 and 5, however, it appears to base the cause of action upon a breach of contract between the parties for the exchange of certain timber rights.

Paragraph 4, in substance alleges that the plaintiff, from time to time, has made persistent efforts *to get a settlement* with the defendant for such timber, *in accordance with the terms of their trade,* but was unable to do so until the year

1922, when the defendant conveyed to the plaintiff, *"as a part payment on and for the timber due and owing by it to the plaintiff,"* the timber rights upon two tracts which belonged to it, amounting, in terms of the unit of exchange, to 3,271,000 feet of timber.

Paragraph 5 in substance, alleges that "plaintiff has repeatedly urged, requested and demanded *that the defendant make further and complete settlement for said timber,"* which it has failed and refused to do; that the quantity of timber which the defendant has taken and converted to its own use, in terms of the unit of exchange, "after allowing credit for such timber as has been conveyed by the defendant to the plaintiff," amounts to 2,432,000 feet, (5,703,000, less 3,271,000), of the value of $12,500.   ($5.14 per M.)

The defendant in its answer sets up various defenses to the complaint, which are set forth below in substance (the numbering, however, does not conform to that of the answer) :

(1)  It denies that it has appropriated to its own use, any timber belonging to the plaintiff without its consent;

(2)  It denies that the quantity of timber cut by it is correctly set forth at 5,703,000 feet;

(3)  It admits the remaining allegations of paragraph 3, substantially stated above;

(4)  It alleges that it informed the plaintiff as to the tracts which it desired to convey to the plaintiff, in exchange for certain tracts owned by the plaintiff, with the time limits for cutting the timber thereon; that the plaintiff  expressed satisfaction therewith;

(5)  It alleges that it then proceeded to cut and remove certain timber belonging to the plaintiff;

(6)  It alleges that, as to the Martin tract, owned by the plaintiff, the defendant received permission from the plaintiff to cut the pine timber only, leaving all cypress and hardwood timber in the swamp, amounting to 622,530 feet, in terms of the unit of exchange, and that, omitting this item,

the quantity of timber cut by the defendant from the tracts of the plaintiff amounted to 5,034,167 feet.

(7) It denies the statements contained in paragraph 4, as substantially set forth above, except the allegation that it conveyed the two tracts referred to.

(8) It denies the statements contained in paragraph 5, as substantially set forth above, except it admits that, since the execution of the deed in 1922, the plaintiff has requested the defendant to convey certain timber to it. The defendant alleges, however, that the reason why the said timber was not conveyed was that the plaintiff, notwithstanding its previous agreement to accept the timber of defendant, with the time limits then upon it, demanded that the defendant procure additional time, which the defendant, in its desire to comply with the wishes of the plaintiff, endeavored but failed to procure, except as to the Brown tract, for which it tendered the plaintiff a deed, but which it refused to accept.

(9) It alleges that it repeatedly notified the plaintiff, that the time limit upon several of the tracts which the plaintiff was to get in the trade would soon expire, and that action should be taken promptly; that plaintiff negligently failed to reply to said notices or to take any action in the matter; that the defendant was always able, ready, and willing to convey these tracts to the plaintiff, who had full permission to cut and remove the timber therefrom; that, in consequence of the negligence of the plaintiff, the right to cut and remove the timber from certain tracts expired by lapse of time.

(10) It alleges that in the early part of the year 1922, at the request of the plaintiff, the defendant conveyed to the plaintiff, the timber on the M. C. Collins and Cartwheel tracts, and the plaintiff coveyed to the defendant the timber on the Shelly and Norton tracts; that the plaintiff then notified the defendant that it would accept no other tracts in

settlement with a time limit expiring before the year 1930; that, although under no obligation to procure any additional time, the defendant did endeavor to procure additional time on the Brown and R. T. Collins tracts, and succeeded at considerable expense in procuring additional time on the Brown tract, but was unable to procure additional time on the R. T. Collins tract; that thereafter defendant offered to convey to plaintiff the timber on the R. T. Collins tract, the time limit upon which did not expire until March 10, 1926, which offer was refused; that, regardless of the loss by plaintiff of the timber rights on the tracts above referred to, by lapse of the time limit, the timber on the Brown and R. T. Collins tracts, if accepted by the plaintiff, would have left only a comparatively small amount of timber due by the defendant to the plaintiff; and that, with the timber on the tracts lost by expiration of the time limit, and that on the Brown and R. T. Collins tracts, there was sufficient to more than balance the account between the plaintiff and the defendant.

(11) It alleges that it is still willing to convey to the plaintiff the timber on the Brown and Colins tracts and also three-fourths interest in that on the Harrelson tract if accepted promptly.

Boiled down, the defendant's defenses are:

(1) That the total quantity of timber, upon all of the tracts of the plaintiff, from which it was by the contract entitled to cut amounted to................ 5,656,667 feet

That by agreement with the plaintiff, it was relieved from cutting the swamp timber on the Martin tract, which amounted to ............................... 622,500

And that it is accountable for the difference 5,034,167

(2) That upon this debit of ............ 5,034,167 feet

It is entitled to credit, as follows:

| | | |
|---|---|---|
| M. C. Collins tract | 1,000,000 feet | |
| Cartwheel tract | 2,233,333 | |
| Brown tract | 330,667 | |
| R. T. Collins tract | 1,064,000 | 4,628,000 |

Balance in favor of plaintiff .......... 406,167 feet

(The M. C. Collins tract and the Cartwheel tract, are the two tracts which were conveyed to the plaintiff. In the complaint it is stated that these two tracts contained 3,271,-000 feet, an excess of 37,667 feet over what the defendant claims credit for.)

The defendant also insists that it is entitled to credit for the timber upon the tracts upon which the time limits were negligently allowed by the plaintiff to expire, amounting in quantity to more than the above balance of 406,167 feet. It also insists that it is entitled to credit for the timber, to the extent of three-fourths, upon the Harrelson tract; it having been able to acquire only that partial interest in the tract.

The case by consent was referred to Hon. D. B. McIntyre, the Probate Judge, as Special Master, to hear and determine all issues of law and fact, on July 14, 1923. Later the Master made and filed his report (the date thereof does not appear in the transcript, though it must have been after January 24, 1924, the date of the reference). The Master found that a valid, enforceable contract had been established between the parties, for the exchange of the timber rights upon various tracts owned by them, respectively; that, in addition to the timber upon the two tracts conveyed by the defendant to the plaintiff (in quantities above set forth as to the M. C. Collins tract and the Cartwheel tract), the defendant was entitled to credit for the timber on the Brown and R. T. Collins tracts, as above; that as to the swamp

timber on the Martin tract, amounting in quantity to 622,-500 feet, the defendant should be charged with that, but it was entitled to credit for the timber upon the tracts upon which the time limits were negligently allowed by the plaintiff to expire; that, although the latter credit "exceeds by a considerable margin the amount of timber on the swamp portion of the O. O. Martin tract, it would not be inequitable to offset the one against the other." He accordingly adopted the statement hereinbefore set out, finding a balance of 406,-167 feet in favor of the plaintiff, which, estimated at $3.75 per M, amounted to $1,523.13, for which he recommended judgment.

Upon exceptions by the plaintiff to this report the matter came on to be heard by his Honor, Judge Mann, at Spring Term, 1925.

In his Decree, dated January 20, 1926, his Honor, Judge Mann, practically overruled the Master upon every position taken by him, except his finding that the defendant should be held accountable for the swamp timber on the Martin tract. He held that the parties had never made a definite, valid, enforceable contract; that the plaintiff should be held accountable for the timber upon the Brown tract; that the defendant should be held accountable for the swamp timber on the Martin tract; and stated the account thus:

Defendant in Account with Plaintiff

Dr.

| | | |
|---|---:|---|
| To timber on McKerrall tract | 129,340 | feet |
| To timber on Martin tract | 1,290,000 | |
| To timber on Shelley tract | 799,600 | |
| To timber on Norton tract No. 1 | 2,433,340 | |
| To timber on Norton tract No. 2 | 1,050,000 | |
| | 5,702,280 | feet |

## Cr.

By timber on M. C. Collins tract. . . . . . . . . .    978,340
By timber on Cartwheel tract . . . . . . . . . . . 2,293,340
By timber on Brown tract . . . . . . . . . . . . .    330,670
    Balance in favor of plaintiff . . . . . . . . 2,099,930

                                   5,702,280  feet

Note.—The Circuit Judge charged the defendant with stumpage value at $2.50 per M upon 2,099,930 feet, with interest from July 1, 1916, amounting to $9,974.66. In this calculation there is an error of $1,233.70 against the defendant as thus appears:

2,099,930 feet at $2.50 per M. . . . . . . . . . . .    $5,249 83
Interest July 1, 1916, to January 1, 1926. . . .      3,491 13

                                     $8,740 96
Amount in decree . . . . . . . . . . . . . . . . . . . . .      9,974 66

    Overcharge . . . . . . . . . . . . . . . . . . . . . . .    $1,233 70
    Or, checking it another way:
Stumpage value per M . . . . . . . . . . . . . . . . .   $     2 50
Interest July 1, 1916, to January 1, 1926. . .          1 6625

                                     $     4 1625
2,099.93 x $4.1625 = $8,740.96

The points of contact and controversy between the parties, in this statement of account are:

(1) The accountability of the defendant for the full quantity of timber on the Martin tract, 1,290,000 feet.

(2) The accountability of the plaintiff for the timber on. the Harrelson, Hewett, and Smith tracts (1,350,000 feet), on account of the expirations of the time limits upon them.

(3) The accountability of the plaintiff for the timber upon the R. T. Collins tract, 1,064,000 feet.

Instead of the statement of account made by his Honor, the Circuit Judge, the defendant contends that it should be as follows, giving the plaintiff the benefit of the excess of timber on the expired tracts over the swamp timber on the Martin tract (1,350,000 feet against 622,500 feet):

Defendant in Account with Plaintiff

Dr.

| | | |
|---|---:|---|
| To timber on McKerrall tract .......... | 129,340 | feet |
| To timber on Martin tract ............ | 1,290,000 | |
| To timber on Shelley tract ............. | 799,600 | |
| To timber Norton No. 1 tract ........... | 2,433,340 | |
| To timber on Norton No. 2 tract ........ | 1,050,000 | |
| | 5,702,280 | feet |

Cr.

| | | |
|---|---:|---|
| By timber on M. C. Collins tract ........ | 978,340 | feet |
| By timber on Cartwheel tract ........... | 2,293,340 | |
| By timber on Brown tract ............. | 330,670 | |
| By timber on expired tracts offsetting swamp timber on Martin tract ............ | 622,500 | |
| By timber on R. T. Collins tract ......... | 1,064,000 | |
| Balance in favor of plaintiff ........ | 413,430 | |
| | 5,702,280 | feet |

The correctness of the defendant's contention as to the statement of the account depends upon the resolution of the foregoing points of controversy in its favor.

The first two may be considered together: The Master held that the defendant was chargeable with the 622,500 feet of swamp timber on the Martin tract. No exception was filed by the defendant to this finding. The Master proceeded to find also that the plaintiff was chargeable with the timber on the tracts upon which the time limits were negligently allowed by it to expire; no exception was

filed by the plaintiff to this finding, and that, although the latter credit exceeded the amount of the swamp timber on the Martin place, he would set off one against the other. No exception was filed by the plaintiff to this conclusion. The Circuit Decree confirms the Master's report as to the accountability of the defendant for the swamp timber on the Martin place, but makes no allusion to the Master's ruling as to setting off one accountability against the other.

Under these circumstances, it is clear that the Circuit Judge was in error in charging the defendant with the full quantity of timber on the Martin tract, or, which amounts to the same thing, in not allowing the defendant credit for the quantity of timber upon the expired tracts, equivalent to the quantity of swamp timber on the Martin tract as he set off one against the other, notwithstanding that the former far exceeded the latter.

To make this perhaps more intelligible: The Decree charges the defendant with the full quantity of timber on the Martin tract, 1,290,000 feet, which consisted of 622,500 feet of swamp timber and 667,500 feet of pine; the Master found that the defendant was chargeable with the swamp timber, but that the plaintiff was chargeable with the timber on the expired tracts, and the one should be set off against the other; there was no exception to this conclusion; the Decree should therefore either have reduced the full quantity, 1,290,-000 feet to 667,500 or credited the defendant with the forced equivalent of the expired timber to the swamp timber, 622,-500. The latter is the form which the matter takes in the foregoing statement, as contended for by the defendant.

As to the third point, the accountability of the plaintiff for the timber on the R. T. Collins tract: There appears to be no doubt of the fact that the R. T. Collins tract was included in the initial negotiations for exchange in 1913. The timber upon it was estimated by the representatives of the parties on July 23, 1914, as follows:

| | |
|---|---|
| Pine .............................. | 250,000  feet |
| Cypress ........................... | 300,000 · |
| Gum .............................. | 610,000 |
| Poplar ........................... | 95,000 . |
| Ash .............................. | 75,000 |

By the unit of exchange, pine, poplar, and ash were of the same classification:

| | |
|---|---|
| | 250,000 |
| | 95,000 |
| | 75,000 |
| | 420,000 |

| | | |
|---|---|---|
| Cypress ................... | 300,000 | |
| Plus  one-third............... | 100,00 | 400,000 |

| | | |
|---|---|---|
| Gum ..................... | 610,000 | |
| Less  one-fourth ............ | 152,500 | 457,500 |

Total .................        1,227,500  feet

(The defendant claims credit for less than that quantity, 1,064,000 feet.)

In December, 1919, 5 1/2 years later, when the parties were attempting to close up the deal by interchange of deeds, the defendant offered to convey the timber upon the R. T. Collins tract to the plaintiff, the rights as to which expired by limitation in 1926. The plaintiff declined to accept the deed, upon the ground that it then had *only 7 years'* time to run.

It appears that, at the beginning, the plaintiff, in 1913, was fully informed by the defendant, of the respective time limits upon the several tracts proposed to be put in by the defendant. After waiting 5 1/2 years, within which at any time, it could have cut the timber, its refusal to accept the deed, when it still had 7 years within which to operate, was unjustifiable. The right of the defendant to a credit of 1,064,000 feet, for the timber on the R. T. Collins tract, cannot therefore be disputed.

His Honor, the Circuit Judge, found that the defendant was accountable to the plaintiff for the "stumpage value" of the timber due to it, at $2.50 per M feet, with interest from the mean date of July 1, 1916. We are not disposed to interfere with his finding as to the stumpage value, as the the plaintiff has indicated no exception thereto; likewise the defendant has not objected to the allowance of interest upon the balance due by it (a right of the plaintiff which we greatly doubt).

The amount of money due by the defendant to the plaintiff is therefore fixed as follows:

| | | |
|---|---|---|
| 413,430 feet at $2.50 per M feet ........... | $1,033 | 58 |
| Interest July 1, 1916, to January 1, 1926...... | 687 | 33 |
| Total ............................. | $1,720 | 91 |

It is suggested by the respondent that the action be-
3, 4 ing one at law for damages, the conclusions of fact
· of the Circuit Judge are not reviewable by this Court.
Unquestionably the principle is well-established that, where a law case is referred to a Master, and his conclusions of fact are either confirmed or overruled by the Circuit Judge, his Decree is as binding upon this Court as the verdict of a jury would be. But there are two reasons why this principle does not apply in this case:

(1) The conclusions of the Circuit Judge which are reviewed are conclusions of law from the admitted or ascertained facts.

(2) The case at bar, by the action of both parties, demands a review of complicated transactions, extending over quite a length of time, and is practically an action for accounting, within the equitable cognizance of the Court.

It would be absolutely impracticable for an ordinary jury to comprehend and decide the many issues involved correctly. See *McCabe v. Mercantile Co.*, 106 S. C., 25; 90 S. E., 161. *Nickles v. Miller*, 116 S. C., 288; 108 S. E., 90.

The main contention of the respondent, sustained by the Circuit Judge, who devotes practically 90 per cent. of his Decree thereto, is that the evidence does not establish a definite, valid, enborceable contract between the parties for the exchange of timber lands. We do not agree with the conclusion of his Honor, the Circuit Judge, upon this point.

In the first place, the complaint upon its face shows that the plaintiff relied upon the *trade* that had been made. In paragraph 4, is it alleged "that plaintiff from time to time has made persistent efforts to get a settlement with the defendant for such timber, *in accordance with the terms of their TRADE*"; and further that in 1922 the defendant conveyed to the plaintiff "*as a part payment* on and for the timber *due and owing* by it to the plaintiff (manifestly meaning *under their trade*) two tracts of timber, for which the plaintiff, in the fifth paragraph, *allowed the defendant credit.*"

There is no question as to the fact that there was great looseness in the transactions between the parties, extending over a long period of time, and great delay in coming to a settlement, one party was as much to blame as the other, and neither is in a position to take advantage of the delinquency of the other. It is very clear that they had the greatest confidence in one another, and that doubtless was the cause of the procrastination. The delay, however, was not in the making of the contract for the exchange, but in the consummation of it by a settlement. Each party knew what tracts it proposed to exchange, and the two had the timber upon these tracts estimated. By later agreements other tracts were included and the time of settlement unreasonably postponed. The real cause of a failure to consummate the belated settlement was that the long postponement had consumed much of the time limits upon the several tracts and created dissatisfaction in the

mind of the plaintiff, which at a much later period endeavored to inject into the original agreement the matter of time limits upon the tracts which it was expected to acquire.

The Master held the defendant accountable for the 622,-500 feet of timber in the swamps upon the Martin place; the Circuit Decree confirms that finding; and the plaintiff is holding onto it. If its action is not based upon a contract, it has no right to recover for any timber except that actually converted, the pine timber. It can only recover for the swamp timber upon the assumption that there was a contract; and, in holding onto the finding, it necessarily admits that there was a contract.

It is apparent too that the plaintiff accepted deeds to two tracts as a part payment upon the contract of exchange, thereby admitting its existence.

It seems to us that after the lapse of so much time, the action of its managing agents, the constant recognition of the existence of a contract and the demand for a settlement, it is too late for the plaintiff to urge the lack of authority to make the contract of exchange by its agents.

As to the matter of costs, we approve the recommendation of the Master "that the costs of this action be paid by the respective parties in equal shares." The defendant, having obtained a substantial modification of the Circuit Decree, is of course entitled to tax the costs on appeal against the plaintiff.

The judgment of this Court is that the Decree of the Circuit Court be modified as herein indicated; that the case be remanded to that Court for the entry of a judgment in favor of the plaintiff against the defendant for the sum of $1,720.91, with interest at 7 per cent. from January 1, 1926.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER, and CARTER concur.